UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEAST DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| DRYTECH, INC., | ) | Case No. 05-07541 |
| | ) | |
|        Debtor(s). | ) | |
| | ) | |
| DRYTECH, INC., | ) | |
|        Plaintiff. | ) | A.P. No. 3:05-ap-00552 |
| vs. | ) | |
| | ) | |
| BLACKBURN & MCCUNE, PLLC, et al., | ) | |
|        Defendants. | ) | |
| | ) | |

## MEMORANDUM

This adversary proceeding comes before the Court on the defendant Belle View Condominium Unit Owners Association's (hereinafter "Belle View") Motion to Dismiss or, in the Alternative, to Transfer Venue. Plaintiff, DryTech, Inc. (hereinafter "DryTech") opposed the motion. For the reasons set forth below, Belle View's motion is overruled.

**I. Background**

DryTech initiated this bankruptcy case on June 23, 2005, by the filing of a voluntary bankruptcy petition in the United States Bankruptcy Court for the Middle District of Tennessee. Subsequently, DryTech commenced this adversary proceeding on June 28, 2005, by the filing of a complaint alleging several causes of action against numerous defendants. The complaint included a breach of contract count and a quantum meruit and unjust enrichment count against Belle View, an unincorporated association and entity organized under the laws of the Commonwealth of Virginia. The claims against Belle View relate to pre-petition contract work performed by DryTech on property owned by Belle View in Alexandria, Virginia. Belle View now moves to dismiss the complaint or in the alternative to transfer venue to the United States District Court, Eastern District

of Virginia, Alexandria Division. As grounds for dismissal, Belle View contends that dismissal is appropriate in that this Court lacks personal jurisdiction as well as subject matter jurisdiction. As grounds for transfer, Belle View contends that the interests of justice and the convenience of the parties mandate that this Court transfer this action to Virginia.

**II. In Personam Jurisdiction**

Belle View contends that it is a Virginia entity with little or no contacts to Tennessee to support the exercise of personal jurisdiction by this Court. Because it is a Virginia entity, and all the actions complained of against it arose from activities in Virginia, Belle View contends that "minimum sufficient contacts" are lacking and that this Court should dismiss on that basis.

Belle View fails to comprehend the mechanics of in personam jurisdiction in bankruptcy courts. While its analysis may be correct were this action brought in federal district court, in the absence of DryTech's bankruptcy case, it is flawed when considering the personal jurisdiction requirements applied in bankruptcy cases. As DryTech correctly points out in its response, personal jurisdiction in bankruptcy adversary proceedings is tied in with service of process. Stated succinctly, if the defendant is located within the United States and can be served with mail, any bankruptcy court has in personam jurisdiction over that entity. *In re Federal Fountain, Inc.*, 165 F.3d 600 (8th Cir.1999). In non-bankruptcy proceedings, generally a defendant must possess the requisite "minimum contacts" with a state before that state can exercise judicial power over that entity. *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In an action where service of process is effected pursuant to a federal statute which provides for nationwide service of process, however, the strictures of *International Shoe* do not apply. *In re Tipton*, 257 B.R. 865 (Bankr. E.D. Tenn. 2000). Here, since Congress has authorized nationwide service of process in bankruptcy proceedings, the only inquiry this Court must make is whether the defendant was properly served and whether the defendant has sufficient contacts with the United

States. Belle View challenged neither of these points, and thus this Court finds that it possesses in personam jurisdiction over Belle View to hear this matter.

### III. Subject Matter Jurisdiction

The Court now turns to Belle View's subject matter jurisdiction argument. Belle View contends this Court lacks subject matter jurisdiction as there is an absence of complete diversity and that this matter is non-core as that term is used un 28 U.S.C. § 157(b) and (c). First with respect to the diversity argument, Belle View again fails to grasp the mechanics of bankruptcy court jurisdiction. Bankruptcy court jurisdiction does not depend on diversity as its basis. Bankruptcy Court jurisdiction is governed by 28 U.S.C. § 1334, which provides district courts, and thereby bankruptcy courts, jurisdiction of all civil proceedings arising under title 11, arising in, or related to cases under title 11. Thus, the issue of diversity bears no significance to the issue of subject matter jurisdiction for bankruptcy courts.

With respect to the non-core argument, Belle View incorrectly understands the import of a core vs. non-core determination. The issue of whether a proceeding is core or non-core goes to the issue of whether a bankruptcy court may hear the matter and issue final orders and judgments, with or without the consent of the parties. It has no bearing on a court's subject matter jurisdiction over a particular matter. Should an action be held to constitute a core matter, the bankruptcy court may hear the matter and enter final orders and judgments, regardless of a party's consent. Conversely, if a matter is held to be non-core, but otherwise related to the bankruptcy case, the bankruptcy court may still hear the matter and, if the parties consent, enter final orders and judgments, or, if the parties do not consent, make proposed findings of fact and conclusions of law to be submitted to district court for consideration. As the issue is not relevant to the motion before the Court, the Court reserves ruling on the determination of whether this matter constitutes a core proceeding as contended by DryTech.

Turning back to the issue in question, it is abundantly clear that this Court has subject matter jurisdiction over this matter. As stated above, subject matter jurisdiction requires the matter to arise under, arise in, or be related to case under title 11. "Related to" jurisdiction is an expansive concept. *Michigan Employment Security Commission v. Wolverine Radio Co., Inc. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1141 (6th Cir.1991). A proceeding relates to bankruptcy if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* at 1142 (*quoting, In re Pacor, Inc.*, 743 F.2d 984, 994 (3d Cir.1984)). One can hardly argue that this action does not relate to this bankruptcy case. As such, this Court concludes it has subject matter jurisdiction to hear this matter and that the motion to dismiss must be overruled.

## IV. Transfer of Venue in the Interest of Justice

Bankruptcy Rule 7087 and 28 U.S.C. § 1412 govern the transfers of adversary proceedings from one venue to another. Section 1412 provides that: "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Belle View contends this Court should transfer this proceeding, or the portion concerning it, to the United States District Court, Eastern District of Virginia, Alexandria Division citing both interest of justice and convenience of the parties. With respect to the interest of justice analysis, Belle View contends the interest of justice would be served in transferring this proceeding to thwart DryTech's alleged forum shopping. There is, however, nothing in the record indicating that the DryTech engaged in forum shopping. DryTech was compelled to file this proceeding in the district wherein its main bankruptcy case lies. There is nothing in the record to support a finding that DryTech was afforded any choice on where it could file its main bankruptcy case. Indeed, in its response, DryTech asserts that its principal place of business and principal assets are all located within the Middle District of Tennessee. Thus, pursuant to 28 U.S.C. § 1408, the Middle District of Tennessee was the only place it could file its main bankruptcy case, and, pursuant

to 28 U.S.C. § 1409(a), the Middle District of Tennessee was the proper place to file this adversary proceeding. This Court can find no support for the contention of forum shopping by DryTech.

Belle View makes additional arguments which it contends supports a transfer of venue under the interest of justice standard: the parties' expectations and the interests of the forum in the matter. The Court considered these arguments and the cases cited in support thereof, but has determined they are not sufficient to warrant transferring this case under the interest of justice standard. Congress determined that venue of proceedings of this nature lies in the district wherein a main bankruptcy case is filed. Something more substantial than the points raised by Belle View must be shown to compel the conclusion that a transfer would be in the interest of justice.

### V. Transfer of Venue for the Convenience of the Parties

Finally, Belle View contends that this case, or the portion concerning it, should be transferred under the convenience of the parties basis. Belle View argues that transferring the case would be more convenient to the parties as it is located in Virginia, and most of the evidence related to its part of the action is allegedly located in Virginia. DryTech counters that no matter where the trial is held some of the parties involved in this case will be inconvenienced by travel. Indeed, Belle View points out in its own motion that of the six parties identified in the complaint, three are citizens of Tennessee, two are citizens of Maryland, and only one (Belle View) is a citizen of Virginia. Thus, it appears that DryTech is correct in that no matter where the trial is held travel will be required for some of the parties.

With respect to the availability of the evidence argument, while it is certainly true that some of the evidence needed to adjudicate this action is located in Virginia, it is also equally true that other evidence is located outside of Virginia. Considering the diverse nature of the claims asserted in the complaint, evidence will likely need to be presented from Virginia, Maryland, and Tennessee.

This takes the Court to the question of whether the Court should transfer the portion of the

complaint just dealing with Belle View to Virginia. While Belle View has not expressly asked to sever its portion of the action, it did suggest that the Court should transfer the portion of this action related to it. Bankruptcy Rule 7087 does provide that a court may transfer an adversary <u>or any part thereof</u> to another district. Certainly, the availability of evidence argument is stronger were the Court to sever this part of the action away from the other causes of action. However, the Court must also weigh the costs of such a severance. The additional administrative costs to DryTech were it to litigate two separate actions in two separate forums would be significant. Preserving assets of the estate for equal distribution to creditors is one of the primary goals a bankruptcy court should consider when determining whether to sever or transfer a case. Other factors to consider are judicial economy, duplication of work by the courts and the parties, and the possibility of inconsistent results. When considering all these factors, it seems clear to this Court that the inconvenience of travel for one party does not outweigh the potential costs to the other parties and the courts were this Court to sever and transfer the counts involving Belle View to Virginia.

Turning back to the convenience of the parties argument, both Belle View and DryTech agree that the most important factor for the Court to consider when considering a convenience of the parties argument is the "economic and efficient administration of the estate" factor. *In re HME Records, Inc.*, 62 B.R. 611 (Bankr. M.D. Tenn. 1986). In the case before the Court, Belle View has not carried its burden of persuasion to convince this Court that transfer of this proceeding to Virginia would be in the best interests of the economic and efficient administration of the estate. As stated earlier in reference to severance, the transfer to Virginia would increase the administrative costs to the estate. DryTech would be forced to litigate in a distant forum while still prosecuting its main bankruptcy case in the Middle District of Tennessee. The simple costs of having representatives of DryTech travel, in addition to the costs of transporting any attendant evidence, goes against the economic and efficient administration of the estate. These costs are increased to a further degree

considering the cost of counsel traveling or hiring local counsel. Moreover, by leaving the proceeding in the Middle District of Tennessee, this Court can insure a speedy resolution to the action which may or may not be available in Virginia. The expeditious handling of an adversary proceedings directly related to a main bankruptcy case certainly benefits the administration of the estate. To conclude, while transferring the proceeding or a part of it to Virginia would certainly be convenient to Belle View, the Court finds the grounds presented by Belle View in the motion fail to meet the standard for a transfer of venue based upon the convenience of the parties. A separate order will be entered this day consistent with this memorandum.

Dated: February 3, 2006.

David T. Stosberg
United States Bankruptcy Judge